UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH FOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 4:19-CV-798 NAB |
| | ) |
| ANNE PRECYTHE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Joseph Fox for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The State has filed a response. (Doc. 20.) Petitioner filed a reply. (Docs. 22, 23.) Both parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.   BACKGROUND**

Petitioner is currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri. The underlying criminal action arose from allegations that on May 31, 2013 at about 11:30 am, Petitioner entered a Quik Stop store on Chippewa in St. Louis and robbed it after grabbing the clerk by the neck and pointing a gun at her head, then shooting one individual in the shoulder and another in the head, killing him. These two victims lived next door to the store and had run in to help when the clerk screamed.

Petitioner was charged with first-degree murder, first-degree assault, first-degree robbery, first-degree burglary, and three counts of armed criminal action (ACA). He pled guilty pursuant to a plea agreement to second-degree murder, first-degree assault, first-degree robbery, first-degree

1

burglary, and three counts of ACA. On April 3, 2015, the Circuit Court of the City of St. Louis sentenced Petitioner as a prior and persistent offender to a total of life imprisonment plus twenty years.

On April 8, 2015, Petitioner filed a Rule 24.035 motion for post-conviction relief. (Doc. 20-4 at 68.) Petitioner was appointed counsel and then filed an untimely amended motion, which was ultimately accepted by the motion court pursuant to *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991). In the amended motion, Petitioner asserted the following grounds for relief: (1) ineffective assistance of counsel for misadvising Petitioner regarding his parole eligibility; (2) the trial court violated Rule 24.02(b)(1) by accepting Petitioner's guilty plea without insuring he understood the minimum and maximum sentences of the charges; (3) the trial court violated Rule 24.02(e) by entering judgment against Petitioner for burglary in the first degree when there was no factual basis for the plea. (Doc. 20-4 at 77-85.) After an evidentiary hearing at which Petitioner and plea counsel testified, Petitioner's claims for post-conviction relief were denied by the Circuit Court on March 29, 2017. (Doc. 20-4 at 87-105.)

On May 1, 2017, Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Eastern District, ED105552. (Doc. 20-4 at 108.) Petitioner raised one issue on appeal from the Circuit Court's denial of post-conviction relief: the motion court erred in denying Petitioner's claim that the plea court's acceptance of his guilty plea to the charge of burglary in the first degree violated Rule 24.02 and Petitioner's right to due process. (Doc. 20-1 at 14.) On April 17, 2018, the appellate court affirmed the judgment. *Fox v. State*, 544 S.W.3d 701 (Mo. Ct. App. 2018).

On March 29, 2019, the instant § 2254 federal habeas Petition was filed by Petitioner's counsel. (Doc. 1.) On July 8, 2019, with the consent of the Court, Petitioner filed an Amended Petition. (Doc. 16.) Petitioner raises the following grounds for relief:

2

> **Ground One:** Trial counsel was ineffective in misadvising Petitioner regarding his parole eligibility such that Petitioner's guilty plea was not entered knowingly, voluntarily, or intelligently.
>
> **Ground Two:** Trial court erred in accepting Petitioner's guilty plea without insuring that Petitioner understood the minimum and maximum sentences with respect to the first six offenses to which he pled guilty.
>
> **Ground Three:** Trial court lacked jurisdiction because no indictment/information was filed prior to the plea hearing.

(Doc. 16.)

On August 23, 2019, Respondent filed a Response to Order to Show Cause. (Doc. 20.) Respondent argues that all three claims are procedurally defaulted and should be denied because Petitioner has not established that the default can be excused. Respondent further argues that the claims should be denied on the merits.

On September 6, 2019, Petitioner filed a letter to the Court addressing Respondent's brief. (Doc. 21.) On October 30, 2019, Petitioner filed a document titled "Petitioner's Objections and Traverse to Respondent's Show Cause Motion." (Doc. 22.) Although the Case Management Order only contemplates the filing of a single "reply" or "traverse" to Respondent's brief, Petitioner filed two documents. In the interest of a more comprehensive consideration of the issues raised in the Amended Petition, the Court has considered both filings.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

3

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

4

### III.   DISCUSSION

#### A.  Procedural Default

As a threshold matter, Respondent contends that each of Petitioner's three claims are procedurally defaulted because Petitioner did not exhaust his state court remedies. (Doc. 20 at 5-7.) In his traverse, Petitioner includes a "Statement of Exhaustion" which states that "it is apparent that [Respondent is] conceding that Petitioner has exhausted his available State remedies for the present claims. . . . See page # 4 of Show Cause [Response]." (Doc. 22 at 1.)

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. *Id.* at 1150 (cited case omitted). A state prisoner who "fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (cleaned up) (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Id.* at 411-12.

A state-law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id.* at 412.

If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Here, Petitioner's argument that Respondent conceded exhaustion on page four of her brief is incorrect. Rather, Respondent's brief states that it appears that the petition is *timely filed,* not that the claims within the petition were exhausted. (*See* Doc. 20 at 4.) Respondent maintains each claim is defaulted. As is explained below, the Court agrees that each claim is procedurally defaulted.

B.  **Grounds One and Two**

Petitioner's first and second claims were presented to the motion court, and after an evidentiary hearing, the court denied the amended motion to vacate, set aside, or correct judgment or sentence on the merits. (Doc. 20-4 at 77-85.) However, Petitioner failed to raise these issues on appeal to the Missouri Court of Appeals, and thus, failed to exhaust them. *See Thomas v. Payne*, 960 F.3d 465, 473 (8th Cir. 2020) (quoting *Fink v. State*, 280 Ark. 281, 658 S.W.2d 359, 360 (1983) ("Issues not argued on appeal are considered abandoned.")); *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (claims of ineffective assistance of counsel not presented in motion for post-conviction relief or appeal to the Missouri Court of Appeals are procedurally defaulted).

6

As discussed above, the Court cannot reach the merits of a procedurally defaulted claim unless Petitioner can demonstrate cause and prejudice for default, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See supra,* Part III.A. The Supreme Court created a "narrow exception" and held in *Martinez v. Ryan* that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). In order to show cause for his procedural default under *Martinez*, Petitioner must show that his post-conviction counsel was ineffective under *Strickland* and that the underlying ineffective assistance of counsel claim is substantial. Here, Petitioner cannot make such a showing. Petitioner's post-conviction counsel raised Grounds One and Two, and the motion court rejected the claims. Thus, *Martinez* is inapplicable. Assuming Petitioner would suggest that his failure to raise Grounds One and Two in his appeal of the motion court's denial of his amended motion to vacate, set aside, or correct his sentence was due to ineffective assistance of his appellate counsel, such a claim is also rejected. This is because "[t]he [Supreme] Court made clear that the holding in *Martinez* did not 'concern attorney errors in other kind of proceedings, including appeals from initial-review collateral proceedings….'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) citing *Martinez,* 566 U.S. at 16 (explaining the exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial…"). Grounds One and Two were litigated on the merits in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike Martinez, Petitioner has already had his day in court. These claims are defaulted and for that reason, Grounds One and Two are denied.

### C. Ground Three

In Petitioner's third claim, he alleges the trial court lacked jurisdiction because there was no valid indictment or information filed prior to the plea hearing. Respondent argues that Petitioner failed to exhaust this claim in state court, and thus, Ground Three is also defaulted. Petitioner concedes that he did not raise the claim on direct appeal, but argues he couldn't have raised it because there can be no direct appeal after pleading guilty. He argues that instead, he exhausted Ground Three by raising the issue in a motion to recall. (Doc. 16 at 7.)

On January 22, 2019, Petitioner filed a pro se "Motion to Recall the Mandate In the Alternative a Rule 91 under 91.06" with the appellate court. (Doc. 16 at 14-20.) Indeed, Petitioner raised Ground Three in his Motion to Recall the Mandate. On February 19, 2019, the Court of Appeals summarily denied the motion. (Doc. 16 at 22.)

In the motion to recall the mandate, Petitioner argued that a motion to recall the mandate is the proper procedural mechanism to remedy a constitutional deprivation under *State v. Thompson,* 659 S.W.2d 766, 769 (Mo. banc 1983). Petitioner is incorrect in his understanding of the law. First, "[a] person who pleads guilty to a criminal offense has a right to challenge the sufficiency of the information or indictment by direct appeal." *Dodds v. State*, 60 S.W.3d 1, 5 (Mo. Ct. App. 2001) citing *State ex rel. Simmons,* 866 S.W.2d 443, 447 n.4 (Mo. banc 1993) ("Although a plea of guilty ordinarily waives all defenses and errors, direct appeal still is proper to attack either jurisdiction or the sufficiency of an indictment or information."). Thus, Petitioner could have and should have raised the validity of the indictment or information in a direct appeal. Petitioner failed to do so. Moreover, to the extent he suggests the language in *Thompson* renders his motion to recall the mandate the proper state procedure to exhaust the constitutional claim not raised on direct appeal, the Eighth Circuit has rejected this argument, explaining that:

8

> [I]n *Thompson,* the Missouri Supreme Court did not approve the use of motions to recall the mandate as a vehicle for presenting the merits of all constitutional claims not raised on direct appeal. Rather, *Thompson* reiterates the long-recognized and limited uses of that remedy, for example, where the appellate court has the unique knowledge necessary to dispose of a claim of ineffective assistance of appellate counsel, or where a conflict exists between a decision of a Missouri appellate court and the United States Supreme Court.

*Williams v. Wyrick*, 763 F.2d 363, 365 (8th Cir. 1985). After *Thompson,* courts in this district have repeatedly found that a motion to recall a mandate and/or a state habeas action are not the proper vehicles to exhaust other habeas claims. *See, e.g., Hall v. Luebbers*, 296 F.3d 685, 698 n.6 (8th Cir. 2002) (a motion to recall the mandate cannot be used to allege ineffectiveness of trial counsel); *Johnson v. Ramey*, No. 416CV01129SNLJNCC, 2019 WL 3719079, at *3 (E.D. Mo. June 19, 2019), *report and recommendation adopted*, No. 4:16CV01129 SNLJ, 2019 WL 3718665 (E.D. Mo. Aug. 7, 2019) (denying habeas claims raised in motion to recall mandate on procedural default grounds); *Cockrell v. Minor*, No. 4:17 CV 1786 DDN, 2019 WL 1532595, at *3 (E.D. Mo. Apr. 9, 2019) ("Under Missouri law, state habeas petitions are not available to litigate issues that could have been asserted earlier, either on direct appeal or in a state post-conviction proceeding filed in a trial court."). Accordingly, Petitioner has not overcome the procedural bar for Ground Three.

Even if Petitioner had exhausted his state court remedies as to Ground Three, the claim would be denied on the merits. Petitioner contends that the Circuit Court was without subject matter jurisdiction to accept Petitioner's plea of guilty and sentence him because prior to the plea hearing there was no valid information filed. The Missouri Supreme Court has rejected the argument that defects in a charging instrument affect the jurisdiction of the Circuit Court. *See White v. Lewis*, No. 1:20-CV-65 SPM, 2021 WL 214655, at *6 (E.D. Mo. Jan. 21, 2021) citing *State v. Parkhurst,* 845 S.W.2d 31 ( Mo. banc. 1992.) In *Parkhurst,* the Missouri Supreme Court explained:

9

> Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of those concepts serves only to confuse the issue to be determined. Circuit courts obviously have subject matter jurisdiction to try crimes, including the felony of unlawful use of weapons. Mo. Const. art. V, § 14(a). At the same time, a person cannot be convicted of a crime with which the person was not charged unless it is a lesser included offense of a charged offense. Cases stating that jurisdiction is dependent upon the sufficiency of the indictment or information mix separate questions. That language… should not be relied on in the future. Equally inaccurate is the statement in at least one case that absence of an information deprives the trial court of jurisdiction over the person.

*State v. Parkhurst*, 845 S.W.2d at 34–35 (internal citations and footnotes omitted). Petitioner's assertions that the Circuit Court lacked jurisdiction over his plea and sentence fail to establish a claim for relief in this habeas corpus proceeding.[1] Therefore, because the claim is procedurally barred and without merit, Ground Three is denied.

## IV.     Conclusion

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Petition of Joseph Fox for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED. (**Doc. 16.)

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

---

[1] Additionally, a review of the file at Respondent's Exhibit D and a review of the state court docket reflects that an Indictment was filed on July 17, 2013, and a Substitute Information in Lieu of Indictment dated for April 2, 2015 was filed on April 3, 2015, the same day Petitioner signed a Stipulation and Plea Agreement voluntarily pleading guilty to the seven counts in the Substitute Information in Lieu of Indictment. (Doc. 20-4 at 15-17, 19-22, and 23-26.)

                                              NANNETTE A. BAKER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of April, 2022.